```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                    MIDDLE DIVISION
```

BARBARA FOUNTAIN,              )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No.   CV-03-TMP-262-M
                               )
SOUTH POINT SYSTEMS, INC.,     )
                               )
        Defendant.             )

## MEMORANDUM OPINION

This cause is before the court on the motion for summary judgment filed by the defendant, South Point Systems, Inc., ("South Point"), on January 16, 2004. Defendant seeks dismissal of all of plaintiff's claims because, defendant contends, there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. This matter has been briefed by the defendant and supported by an evidentiary submission. Plaintiff, who is represented by counsel, has not responded to the motion. The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this memorandum opinion.

### I.   FACTS

Plaintiff Barbara Fountain brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("the FLSA") against

South Point, her former employer. She seeks back pay and liquidated damages, and alleges that South Point (1) failed to pay her at a rate of time-and-a-half for overtime she worked while employed there, and (2) has refused to pay her for 50 hours of accrued vacation pay.

For purposes of summary judgment, the following facts are undisputed. Plaintiff was employed by South Point from February 1994 until February 2000. She was hired under the title of "office manager" with duties that included customer support, bookkeeping, filing, answering telephones, and supervising office personnel. She spent 30 percent of her time with general office duties, and 70 percent of her time performing customer support work. In 1997 or 1998, Fountain became a "general manager."[1] She became an assistant to the owner and president of South Point, Joe Abercrombie, and was given sole hiring and firing authority over the office staff. She supervised and evaluated the office staff, and also was responsible for training several South Point employees.

During the time she worked for South Point, Fountain states that her hours were flexible in that she could come and go for appointments as she needed. She estimated that she usually worked about 60 hours per week, and was given approximately 20 hours per

---

[1] The date of her promotion is only an approximation.

2

week "comp time" for which she could take the hours as time off or be paid at her usual rate. Fountain had check-writing authority and could issue checks to herself for any money she was owed. The checks had to be signed by herself and one other South Point manager.

Plaintiff was paid a salary of $550 per week. She also received a commission which was a percentage of any sales she made.[2] In addition, she received regular bonuses based on profits.[3] On February 4, 2000, plaintiff wrote herself a check for $3,175.83, as a bonus for the fourth quarter of 1999. Abercrombie immediately terminated her employment on the basis that he felt the bonus was not properly approved by him and was not owed plaintiff because the company was not sufficiently profitable at that quarter that bonuses were due. Abercrombie has stated that the bonus was "not due her and she was not authorized to pay herself." He maintained that bonuses were not to be paid unless the profitability of the company reached a certain level. Plaintiff says she called Abercrombie on February 7, 2000, and offered to give the money

---

[2] Defendant contends that the commission was 20 percent of the sales price, but plaintiff's deposition disputes that figure. In any event, plaintiff's salary was supplemented by a commission based on her sales.

[3] There is a dispute as to whether bonuses were available for the sale of a profitable contract, as plaintiff alleges, or if bonuses were available only where the company as a whole maintained a certain level of profitability, as the defendant alleges.

3

back, but he declined. She later filed for unemployment compensation. Her application was denied based on the defendant's allegations that plaintiff embezzled company funds.

Plaintiff filed the complaint commencing this action on February 5, 2003. Defendant moved for summary judgment, asserting that the plaintiff's claims are barred for two separate and independent reasons: (1) that the claims are barred by the applicable statute of limitations, and (2) that the plaintiff's employment falls within an exemption from the FLSA that precludes plaintiff from eligibility for the overtime pay she seeks.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of

4

a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court

must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  DISCUSSION

The defendant asserts that all of the plaintiff's claims are due to be dismissed because they are barred by the applicable statutes of limitations set forth in the FLSA and the Portal-to-Portal Act of 1947, 29 U.S.C. § 255, which states:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 ...
>     (a) if the cause of action accrues on or after May 14, 1997 - may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of

>action arising out of a willful violation may be commenced within three years after the cause of action accrued.

It is undisputed that plaintiff received her final paycheck from South Point on February 4, 2000. She did not file any action against South Point until February 5, 2003, three years and one day after she received her last paycheck. The statute of limitations governing plaintiff's claims is two years unless the plaintiff demonstrates that the employer wilfully violated the Act, in which case the statute of limitations is three years. The complaint baldly alleges that the refusal to properly pay overtime was a "wilfull violation of FLSA."

Plaintiff has not filed any response to the defendant's motion for summary judgment, which asserts that the claims are barred by both the two-year and the three-year statute. The court must agree that by any calculation or under any theory, any conduct that has not been shown to be "willful" must be barred by the two-year statute of limitations.

Furthermore, it appears that even "willful" violations are time-barred because more than three years elapsed between the time the last paycheck was issued and the time the complaint was filed. The three-year limitations period is less clear, however, because although the last check paid to plaintiff was dated February 4, 2000, it appears plaintiff was not terminated until February 7,

8

2000. (Plaintiff's depo., p. 34). Defendant asserts that the time runs from the date of the last paycheck. If the time runs from the last check, the claims are time-barred even if willful. If the time runs from the date of termination, however, willful claims still may be timely under the three-year statute. In this case, however, the claims are subject to summary adjudication, even if timely, because the plaintiff has failed to come forward with any evidence that the alleged violations were willful.

Violations of the FLSA are deemed "willful" only where the plaintiff demonstrates that the employer knew its conduct was violative of the statute or showed a reckless disregard for whether its conduct was prohibited by the statute. See Glenn v. General Motors Corp., 841 F.2d 1567 (11th Cir. 1988) cert. denied, 109 S. Ct. 378, 488 U.S. 948, 102 L. Ed. 2d 367. In this case, the plaintiff has failed to offer any evidence of any kind that would show knowledge or reckless disregard. Accordingly, any claims relating to willful conduct are barred either because the three-year statute ran on February 4, 2003, or because the plaintiff failed to meet her burden of proof in order to withstand the defendant's well-supported motion for summary judgment on the issue of willfulness.

Finally, the defendant asserts that the overtime claims are due to be dismissed because the plaintiff is not entitled to

overtime pay because South Point is exempt from paying overtime in this instance because plaintiff was a salaried, administrative or executive employee. The relevant exemption is set forth at 29 U.S.C. § 213, which states:

> **(a) Minimum wage and maximum hour requirements**
> The provisions of section 206 ... and section 207 of this title shall not apply with respect to –
> (1) any employee employed in a bona fide executive, administrative, or professional capacity ... or in the capacity of outside salesman....

In this case, plaintiff has testified at length that she had sole hiring and firing authority over at least some employees, that she evaluated and trained employees, and that she spent only a small portion of her time on office-type duties. An employer is exempted from paying overtime to an employee who is paid "on a salary basis" of more than $250 per week and whose "primary duty" is as an administrator. 29 C.F.R. § 541.2(e)2). Accordingly, even if the plaintiff's overtime claim is not time-barred, and the court concludes that they are, the claim is subject to summary adjudication in favor of the employer for the additional reason that the exemption applies to plaintiff's duties during the relevant time of her employment.

## IV.  CONCLUSION

Based on the foregoing undisputed facts and legal conclusions, the court determines the motion for summary judgment filed by the defendant is due to be granted and all of plaintiff's claims are due to be dismissed with prejudice.

A separate order will be entered in accordance with the findings set forth herein.

DATED this 31st day of March, 2004.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE